Caeuthees, J.,
delivered tbe opinion of tbe court.
This bill is filed by tbe complainant, as a judgment creditor, for about tbirty-tbree hundred dollars, of John Tillman, to impeach and set aside for fraud,, a deed of trust made to bis son, Lewis, and M. B. "W. Brown, as trustees for tbe benefit of a part of bis creditors, on tbe 12th February, 1850.
Much amplitude is given to tbe case in tbe record and briefs, and great zeal and ingenuity displayed in tbe argument. But after considering of tbe whole case we feel satisfied to rest our decision upon one of tbe many questions made and appearing on tbe face of tbe deed.
After conveying all bis land, negroes, stock, corn, fodder, bacon, pork, and farming, household and kitchen utensils, and all bis furniture, a reservation upon it is inserted in these words: “ Reserving to myself, however, out of tbe aforesaid stock, farming utensils, provender, provisions, household and kitchen furniture, (as all of my property of that description, as well as every other description, is intended to be embraced by this conveyance,) so much as I am by law allowed to retain free from execution.”
There is no legal proposition better settled than that an assignment in trust for tbe benefit of chosen creditors, which secures upon its face, any benefit or advantage to tbe debtor who makes it, is void in law, as to all other creditors. Dawver vs. Handley, 3 Yerg. 505; Peacock vs. Tompkins, Meigs, 317, 328, 584; Crutcher vs. Horton, 4 Yerg., 541. Tbe case of articles consumed *211 in their use, being reserved, falls under this principle. In relation to these it is decided in the case of Trabue vs. Willis, Meigs, 584, by this court, that even if it were proved that such articles so reserved in the deed, were sold and the proceeds applied to the debts secured, it would not save the deed and restore it to legal vigor, as the law pronounces it void.
Now, is there not an express reservation of a portion of the property conveyed, for the use and benefit of the debtor, in the clause above extracted, in direct conflict with this principle? This fact alone must certainly be fatal to this deed, unless there is an antidote to be found in the provisions of the acts of assembly for the benefit of insolvent debtors. These laws should be upheld in all their vigor, being laudable and humane in their object. But it will not do to permit them to be used as a mask for fraud, or to mix and confuse the articles set apart by them for the unfortunate deb'tor, with assignments of his property voluntarily made for the benefit of favored creditors. How are excluded creditors to know what articles in particular, are claimed under those acts, if they are thrown into confusion with a large quantity of property of the same nature and description? The person claiming this benefit of exemption, must set apart what the law allows him, that it may be known by all who are concerned, and separated from that part • of his estate which is subject to his debts. But in this deed it is included in the conveyance with the mass of his property, and reserved in general terms. Creditors are not able to judge whether the quantity or kind of property specified in the law is claimed, as there is no separation or description of it. This exempted properly is strongly guarded and. *212 protected by penalties against officers and others who attempt to interfere with it, and for that reason also, it should be distinctly marked. There is no way here to distinguish it from the other property, and we can only regard it as a reservation in this deed of a benefit and advantage to the debtor, intended to keep off and defraud other creditors. But tlpon another ground, it would avoid the deed. It is in the nature of a sale of all the property of the vendor of the same nature, to these trustees, for the payment of debts, except so much of the same as he is allowed by law to hold exempt from execution. Now what is sold is not sej>arated from that which is reserved from the sale. All the corn lies together in the heap, all the pork in the smokehouse, all the horses in the stable, all the cows in the pen, &c. &e. The vendees or trustees cannot bring trover for the quantity conveyed to them, because it is not separated from the part retained. They have no title in any particular thing or quantity. The debtor may pass his claim from one part of the bulle to another, under this undefined right until all is consumed. The property therefore under this principle, not passing at all, remains subject to other execution creditors, to the complainants.
So it will be seen that this single provision in the deed, under our view of the law, is a poison which diffuses itself through the whole instrument and works its destruction as to creditors.
Many other objections of more or less force are made to this deed, which it is unnecessary that we should notice, as the one above stated and discussed is decisive of the case.
¥e therefore, declare that the deed of trust under *213 consideration, is fraudulent and void in law, (wlietlier so intended by the parties or not, wbicb we do not decide) as to the complainant, who is entitled to the relief given by the chancellor below in his decree, which we affirm. The costs of this court will be paid by the defendants.